## White et al. v. O'Connor

*Isador E. Krasno*, for plaintiffs.

*Hicks, Williamson & Friedberg*, for defendant.

PALMER, P. J., February 6, 1950.—On August 31, 1949, plaintiffs, Jacques White and Carrie Walker, filed a complaint in an action in trespass. Defendant, Francis J. O'Connor, filed preliminary objections to the complaint on October 10, 1949, and on November

15, 1949, plaintiff filed an amended complaint. On October 31, 1949, a rule issued on motion of defendant to show cause why the claim of Jacques White should not be separated from the claim of Carrie Walker. The disposition of this rule is now before us.

The cause of action grows out of a collision of automobiles in the City of Pottsville, Pa.

One of the plaintiffs, Jacques White, seeks to recover damages for injury to his car which he was driving. The other plaintiff, Carrie Walker, claims damages because of personal injuries she received while riding as a passenger in the car of coplaintiff, Jacques White.

Defendant's petition requesting a severance avers that Pa. R. C. P. 2252 prevents defendant from joining plaintiff, Jacques White, as an additional defendant because he is already a party-plaintiff to this action. He, therefore, prays for a severance, alleging that the situation works to his prejudice.

Defendant contends that Pa. R. C. P. 2252 which prevents a party-plaintiff from being joined as a defendant must be construed as favoring a severance of parties and a separate trial. Rule 2252 (a) reads as follows:

"In any action the defendant or any additional defendant may file as of course a præcipe for a writ to join as an additional defendant any person not a party to the action who may be alone liable or liable over to him on the cause of action declared upon or jointly or severally liable thereon with him."

"Note of the Procedural Rules Committee. . . . Where persons having separate claims join as co-plaintiffs, the proper procedure is the granting of a severance." Goodrich-Amram §2252.

Notwithstanding that the decisions of the lower courts are not entirely unanimous, we agree with the dicta used in the case of Sweitzer et al. v. Erie Coach

Co. et al., 44 D. & C. 328, 329, 330, which we think is precisely in point in the instant case. Judge Evans says:

"There are involved here two distinct causes of action notwithstanding that, for the convenience of plaintiffs, rule 2229(a) gave them permission at their option to bring a joint suit. This rule, superseding the Permissive Joinder of Plaintiffs Act of June 25, 1937, P. L. 2072, 12 PS §159.1, was intended merely as a convenience in the trial of cases and as a means of avoiding inconsistent verdicts which might result from separate trials. The action of each plaintiff still retains its separate character and is merely consolidated with the other case for the purpose of trial: Stokes et al. v. Giarraputo & Son et al. (No. 2), 42 D. & C. 597. That case involved a situation similar to the Freeman case, supra, and the one at bar. It was held there and we conclude here that, under such circumstances, the actions should be severed. To come to any other conclusion would be to permit a very inequitable situation, for wherever damages to automobile passengers result from negligence of both drivers of colliding vehicles the one who succeeds in joining as a party-plaintiff with these passengers would escape responsibility and liability therefor. In such a situation, at the time of trial, a court would be required to instruct the jury that it must place entire responsibility upon the one defendant driver even though the evidence clearly showed the accident resulted from the negligence of both drivers."

And now, February 6, 1950, the rule to show cause granted October 31, 1949, on the petition praying for a severance of the action of Jacques White and Carrie Walker, is made absolute.